UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JANE DOE,  )
       Plaintiff,  )
vs.  )  Case No.: 1:23-cv-00376-WES-LDA
BROWN UNIVERSITY and JOHN STILES,  )  JURY DEMAND
       Defendants.  )

## JOHN STILES' ANSWER TO THE AMENDED COMPLAINT

Defendant John Stiles answers the amended complaint as follows. This answer is pursuant to *Fed. R. Civ. P.* 12(a) and the Court's order of September 28, 2023.

### INTRODUCTION

1. Admitted that Jane was an 18-year-old freshman at Brown in October of 2021; admitted that John was a Brown student, a member of the lacrosse team, and resided at the senior lacrosse house with other members of the lacrosse team; admitted that John and Jane engaged in consensual oral and vaginal sex; otherwise, denied.

2. Denied.

3. Denied that Jane was raped. Otherwise, John lacks sufficient knowledge as to the remaining averments; therefore, denied.

4. Admitted that Jane filed a complaint with Brown on November 18, 2021. Otherwise, Title IX speaks for itself; therefore, denied.

5. Admitted.

6. Admitted.

7. Admitted that the investigative report issued on April 26, 2022; admitted that Brown placed a notation on John's transcript and banned him from campus for two years; admitted that John graduated from Brown in 2022; otherwise, denied.

8. Admitted that Jane and John both appealed Brown's decision; admitted that Brown decided the appeals in August of 2022; otherwise, denied.

9. Admitted that John graduated from Brown and began graduate school at a different university before Brown decided his appeal; otherwise, denied.

10. Admitted that Brown's response to Jane's complaint violated Brown's own policies and procedures; otherwise, denied.

11. Admitted that Brown has a systemic problem of improperly handling sexual harassment and sexual abuse allegations; otherwise, denied.

12. Denied that John caused Jane to suffer harm and distress. Otherwise, John lacks sufficient knowledge; therefore, denied.

## JURISDITION AND VENUE

13. Admitted.

14. This averment constitutes a legal conclusion; therefore, denied.

15. Admitted.

16. Admitted.

17. Admitted.

## PARTIES

18. Admitted that Jane is an adult; otherwise, John lacks sufficient knowledge; therefore, denied.

19. Admitted.

20. Admitted.

## ALLEGATIONS

21. Admitted.

22. The policy speaks for itself; therefore, denied.

23. The policy speaks for itself; therefore, denied.

24. The policy speaks for itself; therefore, denied.

25. Denied.

26. The policy speaks for itself; therefore, denied.

27. The policy speaks for itself; therefore, denied.

28. The policy speaks for itself; therefore, denied.

29. The policy speaks for itself; therefore, denied.

30. John lacks sufficient knowledge; therefore, denied.

31. John lacks sufficient knowledge; therefore, denied.

32. John lacks sufficient knowledge; therefore, denied.

33. John lacks sufficient knowledge. Moreover, the policy speaks for itself; therefore, denied.

34. John lacks sufficient knowledge; therefore, denied.

35. John lacks sufficient knowledge; therefore, denied.

36. John lacks sufficient knowledge; therefore, denied.

37. John lacks sufficient knowledge; therefore, denied.

38. John lacks sufficient knowledge; therefore, denied.

39. John lacks sufficient knowledge; therefore, denied.

40. Denied, Brown relied on Janet Elie Faulkner of Faulkner Legal LLC.

41. Admitted that Brown's Title IX Office was inadequate. Otherwise, John lacks sufficient knowledge; therefore, denied.

42. Denied.

43. John lacks sufficient knowledge; therefore, denied.

44. John lacks sufficient knowledge; therefore, denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted.

49. Denied.

50. Admitted that Jane lived on campus at Champlin Hall and was a member of the gymnastics team and Air Force ROTC; otherwise, denied.

51. Admitted that John was a member of the lacrosse team and resided at 161 Waterman Street, also known as the senior lacrosse house, which is adjacent to campus; otherwise, denied.

52. Admitted that Jane and John saw each other at a party on October 29, 2021 at 247 Hope Street, also known as the junior lacrosse house. John lacks sufficient knowledge regarding the students who "pre-gamed" in the basement and the preparations made for the party. The balance of this averment is denied.

53. Admitted that Jane was not intoxicated, left the party with John, and that together they walked back to his residence. Otherwise, John lacks sufficient knowledge regarding what Jane drank that evening, therefore, denied.

54. Admitted that John's bedroom was located on the third floor of the residence, which was one to two blocks away from Brown's athletic facilities, and that fourteen senior lacrosse players lived in the house; denied that the bathroom was shared with several others.

55. Admitted.

56. Denied.

57. Denied.

58. John does not remember this interaction; therefore, denied.

59. Admitted that John put on a condom, that sex began in the missionary position and continued for about 40 minutes; otherwise, denied.

60. Admitted that John turned on the lights after about 40 minutes and saw a significant amount of blood on the bed and on the floor; otherwise, denied.

61. Admitted that John believed the blood was due to Jane's period; otherwise, denied.

62. Admitted that John went to the bathroom; otherwise, denied.

63. Admitted that John took videos and snapchats of his room and of himself and shared them with his friends; admitted that John made comments regarding the images; otherwise, denied.

64. Admitted that John and his friends made various comments regarding the encounter; denied as to the characterization of the snapchats or that any of them understood Jane to be injured.

65. Admitted that John joined Jane in the shower; admitted that he told her the blood did not look like period blood and that she should consult a doctor; otherwise, denied.

66. Admitted that Jane helped John clean his room and that John threw his sheets into the dumpster; otherwise, denied.

67. Admitted that John walked Jane home and declined to lend her his shorts; otherwise, denied.

68. Denied that Jane was raped. Otherwise, John lacks sufficient knowledge; therefore, denied.

69. Denied.

70. John lacks sufficient knowledge; therefore, denied.

71. John lacks sufficient knowledge; therefore, denied.

72. John lacks sufficient knowledge; therefore, denied.

73. John lacks sufficient knowledge; therefore, denied.

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted.

78. Admitted.

79. Admitted that Brown temporarily modified the interim suspension to emergency interim removal from campus through the end of the fall semester and the submission of final grades and that thereafter, the interim suspension would begin on January 7, 2022 and remain in effect pending the resolution of the Formal Complaint, during which time John was not permitted to access campus for any reason either academic or personal, attend in-person classes or any other academic activities, programs, or meetings, attend co- or extra-curricular student programs or activities, or represent Brown in any official capacity; otherwise, denied.

80. Admitted that the interim suspension was to begin on January 7, 2022 and remain in effect pending the resolution of the Formal Complaint. John does not recall if or whether the threat assessment team met a second time; therefore, denied.

81. Denied the incident involved members of the lacrosse team. Otherwise, John lacks sufficient knowledge; therefore, denied.

82. Admitted.

83. Admitted that John assigned pseudonyms to himself and Jane; otherwise, denied.

JOHN STILES' ANSWER TO THE AMENDED COMPLAINT
Page 6 of 11

84. Admitted that Jane filed a complaint alleging retaliation on January 14, 2022; otherwise, denied.

85. John lacks sufficient knowledge; therefore, denied.

86. Admitted.

87. Admitted that the investigative report issued on April 26, 2022; otherwise, John lacks sufficient knowledge; therefore, denied.

88. Admitted that Brown's investigation was inadequate. Otherwise, denied, Brown displayed biases in Jane's favor throughout.

89. Admitted that Jane urged multiple witnesses to change their accounts and that Brown failed to hold Jane accountable for such actions. Otherwise, John lacks sufficient knowledge; therefore, denied.

90. Admitted that Jane urged multiple witnesses to change their accounts and that Brown failed to hold Jane accountable for such actions. Otherwise, John lacks sufficient knowledge; therefore, denied.

91. Denied.

92. Admitted.

93. Admitted that Brown issued its final determination in May of 2022 and found John responsible; otherwise, denied.

94. Admitted that John received a transcript notation and was banned from campus for two years; otherwise, denied.

95. Admitted.

96. Admitted.

97. Admitted that Brown determined John was not responsible; otherwise, John does not recall the date of the determination; therefore, denied.

98. Admitted that Brown decided John and Jane's appeals in August of 2022; denied that Brown did not make findings or impose discipline before then.

99. Admitted that Brown decided John and Jane's appeals in August of 2022, and that Brown placed a hold on John's transcripts until he completed training on consent; otherwise, denied.

100. Admitted that John began graduate school at a different university before Brown decided his appeal; otherwise, denied.

101. John lacks sufficient knowledge as to whether Jane experienced pain, trauma, or retaliation; denied any rape occurred, denied any violence occurred, denied that John faced no consequences for Jane's accusations.

102. Admitted that John graduated; denied John received no discipline. Otherwise, John lacks sufficient knowledge; therefore, denied.

103. John lacks sufficient knowledge; therefore, denied.

104. John lacks sufficient knowledge; therefore, denied.

105. John lacks sufficient knowledge; therefore, denied.

106. John lacks sufficient knowledge; therefore, denied.

107. John lacks sufficient knowledge; therefore, denied.

108. John lacks sufficient knowledge; therefore, denied.

109. John lacks sufficient knowledge; therefore, denied.

110. John lacks sufficient knowledge; therefore, denied.

111. John lacks sufficient knowledge; therefore, denied.

112. John lacks sufficient knowledge; therefore, denied.

113. John lacks sufficient knowledge; therefore, denied.

114. John lacks sufficient knowledge; therefore, denied.

115. John lacks sufficient knowledge; therefore, denied.

116. John lacks sufficient knowledge; therefore, denied.

117. John lacks sufficient knowledge; therefore, denied.

118. John lacks sufficient knowledge; therefore, denied.

119. John lacks sufficient knowledge; therefore, denied.

120. John lacks sufficient knowledge; therefore, denied.

121. Denied that any assault occurred or that John is responsible for any of Jane's alleged injuries. Otherwise, John lacks sufficient knowledge; therefore, denied.

## COUNT I
*Violation of Title IX*

John offers no response to this count as it does not implicate him.

## COUNT II
*Hostile Environment*

John offers no response to this count as it does not implicate him.

## COUNT III
*Intentional Infliction of Emotional Distress*

John offers no response to this count as it does not implicate him.

## COUNT IV
*Negligence*

John offers no response to this count as it does not implicate him.

## COUNT V
*Negligent Supervision*

John offers no response to this count as it does not implicate him.

## COUNT VI
*Violation of G.L. 1956, § 42-112-1, et seq.*

John offers no response to this count as it does not implicate him.

## COUNT VII
*Battery*

167. John incorporates herein all prior answers.

168. Denied.

169. Denied.

170. Denied.

WHEREFORE, John requests that Count VII be denied and dismissed.

## COUNT VIII
*Assault*

171. John incorporates herein all prior answers.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

WHEREFORE, John requests that Count VIII be denied and dismissed.

## COUNT IX
*Intentional Infliction of Emotional Distress*

177. John incorporates herein all prior answers.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

WHEREFORE, John requests that Count IX be denied and dismissed.

## AFFIRMATIVE DEFENSE

I. Consent. Jane's allegations against John are undermined by her consent to oral and vaginal sexual contact with him.

## JURY DEMAND

Defendant John Stiles demands a trial by jury on all issues so triable.

Dated: November 3, 2023

The Defendant, John Stiles,
By his Attorney,

/s/ J. Richard Ratcliffe
J. Richard Ratcliffe, #2603
Ratcliffe Harten Galamaga LLP
40 Westminster Street, Suite 700
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440
rratcliffe@rhgllp.com

## CERTIFICATE OF SERVICE

I, J. Richard Ratcliffe, certify that on November 3, 2023, this document was electronically filed through the Court's CM/ECF system and is available for viewing and downloading to all registered counsel of record.

/s/ J. Richard Ratcliffe