```
                                                                    1

                   IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF RHODE ISLAND

 - - - - - - - - - - - - - - - -X
   JANE DOE,                     :  23-cv-00376-MSM
           Plaintiff,            :
                                 :
                                 :
                                 :
      vs.                        :  United States Courthouse
                                 :  Providence, Rhode Island
                                 :
                                 :
                                 :
   BROWN UNIVERSITY and JOHN     :  Tuesday, May 28, 2024
   STILES,                       :  10:00 a.m.
           Defendants.           :
 - - - - - - - - - - - - - - - -X

          TRANSCRIPT OF CIVIL CAUSE FOR MOTION HEARING
              BEFORE THE HONORABLE MARY S. MCELROY
                UNITED STATES DISTRICT COURT JUDGE
                       VIA VIDEO CONFERENCE
                      EXCERPT OF PROCEEDINGS

                       A P P E A R A N C E S:

 For the Plaintiff:       KATHRYNE HEMMINGS, ESQ.
                          Grant & Eisenhofer P.A
                          123 Justison Street
                          Wilmington, DE  19801
 For the Defendant:       STEVEN M. RICHARD, ESQ.
 (Brown University)       Nixon Peabody LLP
                          One Citizens Plaza, Suite 500
                          Providence, RI  02903-1345

 For the Defendant:       J. RICHARD RATCLIFFE, ESQ
 (John Stiles)            Ratcliffe Harten Galamaga LLP
                          40 Westminster Street, Suite 700
                          Providence, RI  02903




 Court Reporter:   Lisa Schwam, CRR-RPR-RMR
                   One Exchange Terrace
                   Providence, RI  02903
```

 1  28 MAY 2024
 2  (VIA VIDEO CONFERENCE)
 3         THE COURT:  Okay.  All right.  Thank you.
 4         So as you know, we have before the Court Brown University's motion to dismiss the plaintiff's amended complaint and the plaintiff's motion to dismiss the counterclaim against her made by John Stiles.  So I'm going to start with Brown's motion.
 9         First, Brown seeks to dismiss the plaintiff's Title IX claims.  Title IX mandates that no person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance. Universities that accept federal funding like Brown University have to comply with Title IX's requirements which are enforceable by individual plaintiffs through an implied private right of action.
19         And in *Davis vs. Monroe County Board of Education*, the Supreme Court held that in certain limited circumstances a university may be liable for damages under Title IX for discrimination in the form of student-on-student harassment.  The First Circuit in *Porto v. Town of Tewksbury* has accordingly developed a five-part test for Title IX liability in cases of

1    student-on-student harassment.  So the plaintiff must
2    show that he or she was subject to severe, pervasive or
3    objectively offensive sexual harassment by a school
4    peer, that the harassment caused the plaintiff to be
5    deprived of educational opportunities or benefits, that
6    the university knew of the harassment in its programs
7    or activities and that it was deliberately indifferent
8    to the harassment such that its response or lack
9    thereof is clearly unreasonable in light of the known
10   circumstances.  Mere negligence is not enough, and the
11   plaintiff must demonstrate that the university was
12   deliberately indifferent to the known acts of sexual
13   harassment.
14        This is a high standard intended to permit -- I
15   just lost you all, I apologize.  I can't find you.
16        MR. RICHARD:  We can still hear you.
17        THE COURT:  Okay.  Sorry.  I don't know what
18   happened.  It's like day one on Zoom again.
19        The plaintiff alleges that Brown had actual
20   knowledge of the sexual assault against her by John
21   Stiles, and she reported it to the Title IX office in
22   writing in her first amended complaint.  Accepting her
23   allegations as true, which I must at this stage, they
24   would meet the requirement that the sexual harassment
25   was severe, pervasive and objectively offensive because

she characterized Stiles' conduct as violent rape.

The plaintiff also alleges that Brown had actual knowledge of ongoing severe retaliation as a result of her Title IX complaint. Such acts of intimidation by the Brown Lacrosse team and staff, the revealing of her identity through court filings and harassing statements and messages by fellow students. The plaintiff argues that this is severe, pervasive and objectively offensive harassment. The harassment has gone on for two years and has negatively affected her ability to attend and participate in her education and university activities.

The plaintiff further alleges that her amended complaint plausibly alleges that Brown unreasonably responded to her reports of harassment and assault. Specifically, she alleges that Brown failed to timely investigate and make a determination regarding either of her Title IX complaints. After she filed her second complaint alleging retaliation by Stiles, Brown took no action for almost a month and did not assign a Title IX investigator for 28 days. In addition, Brown took 159 days to issue the investigative report related to the first formal complaint which was over 90 days after this Court ruled on Stiles' action successfully challenging his suspension.

Similarly, Brown took 175 days to issue its official findings and disciplinary recommendation as to the plaintiff's first formal complaint which was over a hundred days after Stiles was allowed to return to campus. And Brown took 185 days to issue its official finding as to Jane's second formal complaint of retaliation by Stiles.

The plaintiff asserts that these delays are objectively unreasonable and meet the pleading standard to plausibly allege deliberate indifference. Indeed, unjustified delays in responding to an alleged attack may, in some instances, constitute deliberate indifference. Brown, however, argues that even accepting the plaintiff's facts as true, it cannot be held to have acted with deliberate indifference; instead, its process, they argued, was fair and equitable.

At this early pleading stages, however, the Court disagrees. The plaintiff has alleged specific facts which, when accepted as true and viewed in the light most favorable to her, set forth that the time that elapsed between her reporting of the alleged assault and resolution was an unjustified delay and that in this time she suffered retaliation and was denied educational opportunities. That is enough, if

1   only just enough, to state a plausible claim under
2   Title IX at the pleading stage.  Whether the elapsed
3   time was truly unjustified or objectively unreasonable
4   is a question for a later stage of litigation.
5           The Court will therefore deny Brown's motion on
6   the Title IX claims, Count I and II.  And the Court
7   also denies Brown's motion on the Rhode Island Civil
8   Rights Act claim, Count Six, because that claim is
9   analyzed in accordance with Title IX.
10          Turning now to the plaintiff's intentional
11  infliction of emotional distress claim.  A plaintiff
12  making such a claim must demonstrate that the conduct
13  was intentional or in reckless disregard of the
14  probability of causing emotional distress.  The conduct
15  must be extreme and outrageous.  There must be a causal
16  connection between the wrongful conduct and the
17  emotional distress, and the emotional distress in
18  question must be severe.
19          Brown argues that its conduct cannot plausibly
20  be considered extreme and outrageous which the Rhode
21  Island Supreme Court has defined as so outrageous in
22  character and so extreme in degree as to go beyond all
23  possible bounds of decency and to be regarded as
24  atrocious and utterly intolerable in a civilized
25  community.  Specifically, Brown argues that it

addressed the plaintiff's two complaints in her freshman year against John Stiles that presented challenging circumstances including a judicial order reinstating John over Brown's objection. Both students disagreed with and appealed Brown's determination of the complaints, and Jane's dissatisfaction simply is not the basis for an intentional infliction of emotional distress claim. Further, Brown contends it timely and reasonably complied with the plaintiff's reports and requests in her subsequent year.

The plaintiff, on the other hand, alleges that her amended complaint states a plausible claim for intentional infliction of emotional distress because she alleges that the Title IX process was delayed by Brown where there only was a final determination after the appeals process 273 days after the initiation of the first formal complaint at which time John Stiles had already graduated from Brown and was admitted to a graduate school elsewhere effectively rendering any discipline of Stiles by Brown meaningless and thereby permitting Stiles to face, quote, absolutely no consequences for his violent rape while Jane endured the physical pain and trauma from his assault and continued to suffer extreme retaliation by Brown students and faculty as a result of her decision to

file a Title IX complaint.

The Court is persuaded that the 2022 First Circuit decision of *Doe vs. Brown University* at 43 F.4th 195 which cautions against dismissal of the intentional infliction of emotional distress claim in this case at this early stage is instructive.  Although Brown may be correct that that case, which was at a summary judgment stage, presented specific facts that are distinguishable from the instant matter, the better course is to consider the intentional infliction of emotional distress claim when evidence or undisputed facts are presented.  The Court therefore denies Brown's motion on Count III.

Finally, the plaintiff brings a negligence claim and a negligence supervision claim.  As to the negligence claim, the duties that the plaintiff points to mirror the contractual relationship she had with Brown under Title IX policies and that Brown breached these duties by failing to follow its own policies. Because these alleged duties and breaches relate to policies that are contractual in nature between Brown and its students, they must be addressed in a contract action, not a tort action.

Additionally, both of the plaintiff's negligence-based claims are premised on a special

relationship between her and Brown. As noted in other decisions in this district, the Rhode Island Supreme Court has never recognized the university and students' special relationship in this context and the Court declines to do so here. The Court therefore grants Brown's motion to dismiss on Counts IV and V.

The Court now turns to the plaintiff's motion to dismiss the defendant, John Stiles', counterclaim for defamation. Specifically, Stiles alleges that the plaintiff made a false and defamatory statement when she accused him of rape. He further alleges that the plaintiff published this false statement to Brown by setting it forth in her Title IX complaint, stating it to the Title IX panel at the hearing and to the Providence Police. Under Rhode Island law, a defamation claim requires proof of a false and defamatory statement concerning another, an unprivileged publication to a third party, fault amounting to at least negligence on the part of the publisher and damages unless the statement is actionable irrespective of specific harm or special harm.

The plaintiff argues that Stiles' claim fails on the falsity element and the privilege element. Plaintiff's motion, however, fails on her falsity

argument.  The well-pled facts from Stiles' pleading must be accepted as true and, in doing so, the Court finds that he has made a plausible case that the statement that he sexually assaulted the plaintiff is false.  His facts are buttressed by an appendix that he attached and made part of the pleadings which is at ECF-35 which includes the plaintiff's contrasting statements about what happened, her efforts to change or control what witnesses reported and social media photographs of her that would undermine her story of trauma.

Regarding the question of privilege, the Court first considers absolute privilege.  Under Rhode Island law, absolute privilege is afforded in the context of judicial proceedings to encourage witnesses to come forward and speak freely about civil or criminal matters.  The key is whether absolute privilege applies to a particular communication is determining whether it was made in the context of a judicial or a quasijudicial proceeding.

The Rhode Island Supreme Court has not determined whether a student disciplinary proceeding is quasijudicial.  Stiles, therefore, points to a Connecticut case, *Khan vs. Yale University*, which held that a student disciplinary proceeding involving a rape

1   allegation did not qualify as quasijudicial because it
2   did not contain procedural protections against
3   defamatory statements such as requiring the accuser to
4   testify under oath, submit to cross-examination, allow
5   the accused to call witnesses or to have counsel and in
6   addition to a failure to establish a record.  Stiles
7   argues that the Title IX proceedings in this case were
8   similarly flawed.
9          The plaintiff argues that Rhode Island law
10  should consider a student disciplinary proceeding
11  quasijudicial and points to the case of *Ims vs. Town of*
12  *Portsmouth* which considered as quasijudicial
13  proceedings hearings that are conducted by
14  administrative bodies that make legal determinations or
15  otherwise have, quote, sufficient trappings of the
16  judicial process.  Under either standard, however,
17  there are facts that need to be presented to determine
18  if the hearing here in this case should be considered
19  akin to a judicial process and thus allow for
20  absolutely immunity.
21         Next, the plaintiff claims qualified privilege.
22  Qualified privilege exists if the publisher makes the
23  contested statements in good faith and reasonably
24  believes that she or he have a legal, moral or social
25  duty to speak out or that to speak out is necessary to

1    protect either her own interests or those of third
2    parties or certain interests of the public.  Unlike
3    absolute privilege, a qualified privilege may be lost
4    if the alleged defamatory statement is the product of
5    ill will or malice.
6         Mr. Stiles alleges that the plaintiff made the
7    allegedly false statement for, as she stated in her
8    formal Title IX complaint, quote, the express purpose
9    to have him expelled from Brown without conferral of
10   his bachelor's degree.  Stiles argues that this
11   indicates that the plaintiff intended to seek
12   retribution against him.  It therefore appears that in
13   accepting Stiles' allegations as true and viewing them
14   in the light most favorable to him, as the Court must
15   do at this stage, he plausibly alleges malice which
16   would defeat a claim of qualified privilege.
17        And finally, the plaintiff claims conditional
18   immunity under Rhode Island's anti-SLAPP statute which
19   is at Rhode Island General Laws 9-33-2.  And the
20   statute involves matters of public concern.  And Stiles
21   argues convincingly to this Court that these issues are
22   private matters as they only affected her and not the
23   community at large.  The plaintiff made no allegation
24   that Stiles had assaulted any other woman on campus,
25   and indeed the purpose of Title IX was to ensure equal

1  access to educational opportunities.  The plaintiff's
2  motion to dismiss John Stiles' counterclaim is
3  therefore denied.
4      Is there anything further at this stage?
5      MR. RATCLIFFE:  No, your Honor.  Thank you very
6  much.
7      MS. HEMMINGS:  No, your Honor.  Thank you.
8      MR. RICHARD:  Nothing from Brown, your Honor.
9  Thank you.
10     THE COURT:  Okay.  We're in recess.
11     (Proceedings concluded; 11:26 a.m.)

```
 1
 2                         CERTIFICATION
 3   I certify that the foregoing is a correct transcript from the
 4   record of proceedings in the above-entitled matter.
 5
 6   /s/ Lisa Schwam
 7   Official Court Reporter           June 24, 2024
 8
 9
10
```