# United States Court of Appeals
## For the First Circuit

No. 24-1611

JANE DOE,

Plaintiff - Appellant,

v.

BROWN UNIVERSITY; JOHN STILES,

Defendants - Appellees.

Before

Gelpí, Montecalvo and Aframe,
Circuit Judges.

**JUDGMENT**

Entered: April 8, 2025

    Plaintiff-Appellant Jane Doe has appealed the district court's decision denying her motion to dismiss defendant-appellee John Stiles' defamation counterclaim under the Rhode Island anti-SLAPP statute, R.I. Gen. Laws Ann. § 9-33-2, and based on absolute and qualified privilege. Appellee Stiles has moved to dismiss the appeal for lack of jurisdiction. Doe has filed an opposition that contains an alternative request for this court to grant leave for Doe to seek certification with the district court under 28 U.S.C. § 1292(b).

    After careful review of the parties' filings and the relevant portions of the record, we conclude that the theories of jurisdiction offered by Doe as the appellant are unpersuasive. See U.S. Fidelity & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 55 (1st Cir. 2009) (describing collateral order doctrine's conjunctive requirements); see also In re Fin. Oversight & Mgmt. Bd. for P.R., 52 F.4th 465, 477 (1st Cir. 2022) ("And when appellate jurisdiction has been called into question . . . this court will generally consider only the rationales offered by the party invoking the court's jurisdiction."); Daumont-Colón v. Cooperativa de Ahorro y Crédito de Caguas, 982 F.3d 20, 26-27 (1st Cir. 2020) (stating that a district court's "interlocutory rulings ordinarily 'do not constitute law of the case'") (quoting Harlow v. Children's Hosp., 432 F.3d 50, 55 (1st Cir. 2005) (referring to a district court's denials of motions to dismiss)); cf. Hometown Properties, Inc. v. Fleming, 680

A.2d 56, 58 (R.I. 1996) (holding that an "appropriate motion" or "other appropriate means" in R.I. Gen. Laws § 9-33-2(e) "would be a motion for summary judgment that will allow the hearing justice to consider information extrinsic to the pleadings.").

The motion to dismiss the appeal for lack of jurisdiction is <u>allowed</u>. Doe's request for leave to file a request for certification with the district court under § 1292(b) is <u>denied</u>. This appeal is **<u>DISMISSED</u>**. <u>See</u> 1st Cir. R. 27.0(c) (permitting the court to dismiss the appeal at any time when appellate jurisdiction is lacking).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Louise A. Herman
Barbara J. Hart
Kathryne L. Hemmings
Steven M. Richard
James Richard Ratcliffe