UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| BROWN UNIVERSITY, | ) |
| | ) C.A. No. 23-cv-00376-MSM-LDA |
| Defendant/Crossclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN STILES, | ) |
| | ) |
| Defendant/Crossclaim Plaintiff/ | ) |
| Counterclaim Plaintiff | ) |
| | ) |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the motion of the Rhode Island Office of the Attorney General ("RIAG") to quash a subpoena under Fed. R. Civ. P. 45(d), or, in the alternative, for a protective order under Fed. R. Civ. P. 26(c) to narrow the scope of the subpoena and limit the use and disclosure of any records produced. (ECF No. 61.) The subpoena was issued by John Stiles, a defendant here, against whom the plaintiff, Jane Doe, brings claims of assault, battery, and intentional infliction of emotional distress. Mr. Stiles has counterclaimed plaintiff for defamation.

In the course of his discovery, Mr. Stiles subpoenaed the RIAG for documents related to a criminal investigation of the alleged incident between him and the

1

plaintiff.  The RIAG submitted a privilege log for any documents it withheld on privilege grounds, delineating 24 categories of such documents.  (ECF No. 61-1 at 32-35.)  Mr. Stiles clarifies in his response to the instant Motion that he seeks only the documents in Category 1 ("Grand jury proceedings records") and Category 19 ("Prosecutor Handwritten and Typed Notes").  (ECF Nos. 61-1 at 32-33; 64 at 1.)

With regard to category 19, the RIAG claims that the documents should be shielded from discovery under the work-product doctrine, deliberative process privilege, law enforcement privilege, and because the subject matter of the records implicates sensitive privacy concerns.  Mr. Stiles counters that these privileges do not apply, he seeks only factual information, or that he has a particularized need.

The Court finds that an *in camera* review of the documents in Category 19 is warranted.  The Court therefore will defer on determining whether the privileges are appliable in whole or in part until it has had an opportunity to review them.  The RIAG is ordered to provide to the Court the documents in Category 19 within 21 days of this Order and to ensure that they are Bates stamped or otherwise labeled so that they may be readily identified by page.

Category 1, the grand jury proceedings records, presents different concerns because it involves a state grand jury, "an arm of the Rhode Island Superior Court." *Priore v. Philbrick*, C.A. No. 13-195S, ECF No. 24, at 2-3 (D.R.I. Sept. 3, 2013) (citing *In re Young*, 755 A.2d 842, 843 (R.I. 2000) (mem.)).  Compelling materials from state grand juries brings forward "elementary principles of federalism and comity," which "demand that a federal court presented with a motion to compel disclosure of a matter

pending before a state grand jury should direct the party first to petition the judicial officer possessing supervisory authority to grant or deny such access." *Id.* at 3 (quoting *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 354-57 (3d Cir. 2003)). *See also Sieff v. Juell*, C.A. No. 15-cv-419(PAM/LIB), 2016 WL 1626265, at *5 (D. Minn. Mar. 18, 2016) (collecting cases and observing that "[n]early all courts that have considered the issue have come to the conclusion that principles of comity require a federal court to require a party seeking access to State grand jury transcripts for use in the federal proceeding to first present its request to the State court that conducted the State grand jury proceedings").

The Court agrees that as a matter of comity, Mr. Stiles should first petition the Rhode Island Superior Court for the documents in Category 1. Mr. Stiles may then further proceed on this issue in this Court after doing so. *See Sieff*, 2016 WL 1626265, at *5.

The Court will therefore DEFER on the RIAG's Motion to Quash (ECF No. 61) with respect to documents in Category 19 until having conducted an *in camera* review and will DENY WITHOUT PREJUDICE the Motion with respect to Category 1, though the RIAG may continue to withhold those records until a resolution on any petition Mr. Stiles files in Rhode Island Superior Court or further order of this Court.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

April 28, 2025