UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JANE DOE, )
    Plaintiff/Counterclaim Defendant, )
vs. )
BROWN UNIVERSITY, )
    Defendant/Crossclaim Defendant, ) Case No.: 1:23-cv-00376-WES-LDA
and )
JOHN STILES, )
    Defendant/Crossclaim and )
    Counterclaim Plaintiff. )

## STIPULATED PROTECTIVE ORDER

Plaintiff and Defendants (collectively the "Parties") intend this Stipulated Protective Order (the "Protective Order") to govern their handling of all discovery responses ("Discovery Material") in this action, whether produced by a Party or non-Party.

**1.    DEFINITIONS**

Producing Party: Anyone who produces Discovery Material in this action.

Designating Party: A Party who designates Discovery Material as Confidential or Highly Confidential.

Confidential: Discovery Material that, upon good faith belief, contains personal, private, business, strategic, proprietary, or commercially sensitive information.

Highly Confidential: Discovery Material that contains the identity of any Party proceeding under pseudonym; any identifying information concerning any such Party; or any medical records, including mental health records, related to any Party.

2.  **DESIGNATION**

The designation of Discovery Material as Confidential or Highly Confidential constitutes a representation that the material has been reviewed by counsel, and that there is a good faith basis for such designation. As there is a presumption in favor of open and public judicial proceedings, the Parties will use their best efforts to limit designations. The designation of Discovery Material as Confidential or Highly Confidential shall be made as follows:

A. Documents shall be marked "Confidential" or "Highly Confidential" on each page intended to be protected; or in the case of electronically stored information produced in native format, the file, file directory, or media containing the Discovery Material shall be marked "Confidential" or "Highly Confidential."

B. Depositions or other pre-trial testimony shall be designated as protected by an oral statement on the record, by counsel, at the time of the disclosure or before the conclusion of the deposition or testimony, which shall remain in effect through the completion of a deposition, if it is adjourned prior to its completion and requires a reconvening on a subsequent day for its conclusion. However, such oral designation must be followed by a written notice, sent to all Parties within thirty (30) days after the conclusion of the deposition, designating the portions of the transcript that shall be deemed Confidential or Highly Confidential. Absent such timely written notice, the testimony shall lose its designation unless otherwise agreed by the parties.

C. Any other Discovery Material may be designated as protected by written notice sent to all Parties that the material is Confidential or Highly Confidential.

3.  **BELATED DESIGNATION**

Discovery Material may be designated as Confidential or Highly Confidential at any time, but no Party shall be held to account for dissemination made before the designation is made. Upon

4915-6422-8392.1

receiving a belated notice, the Parties shall thereafter treat the Discovery Material so designated as protected and such Discovery Material shall be fully subject to this Protective Order from the date of the notice going forward.

4.   **USE AND ACCESS**

Discovery Material shall be used solely for purposes of this action and shall not be used for any other purpose unless such material is or becomes part of the public record. Confidential or Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in connection with this action and in accordance with this Protective Order:

  A.   Parties, the family members of Parties, individual officers, and/or executive level employees, and insurance representatives of the Parties whose opinions or involvement may be sought concerning the litigation or potential settlement;

  B.   In-house counsel of the Parties to this action;

  C.   Counsel who represent Parties, and their partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services);

  D.   The Parties' experts and consultants;

  E.   Witnesses who have been subpoenaed or noticed for deposition, trial testimony, or another court proceeding;

  F.   Any author, addressee, or actual or intended recipient of a document, or, in the case of meeting minutes and presentations, an attendee of the meeting;

  G.   The Court, jurors, persons employed by the Court, and court reporters or stenographers transcribing any hearing, trial, or deposition.

3

Every person to whom Discovery Material is disclosed shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Protective Order and notify the non-Party that the protections of this Protective Order are available to such non-Party.

5.   **CHALLENGES TO DESIGNATIONS**

A designation of any Discovery Material as Confidential or Highly Confidential may be challenged as follows:

   A.   <u>Meet and Confer.</u> A Party challenging the designation must notify the Producing Party of its specific objection(s) in writing. Within five (5) business days thereafter, the Parties shall meet and confer.

   B.   <u>Judicial Intervention.</u> If the meet and confer fails to materialize or resolve the dispute, the objecting Party may file an appropriate motion with the court. Until the Court rules on the motion, all Parties shall continue to treat the Discovery Materials as protected under the terms of this Protective Order.

6.   **FILING**

Anyone who seeks to file with the Court any Confidential or Highly Confidential Discovery Material shall do so by filing the designated Discovery Material under seal in accordance with Local Rule General 102.

4915-6422-8392.1

7. **USE AT TRIAL OR HEARING**

Nothing in this Order shall affect the use of any Discovery Materials at any trial or hearing, nor shall this Order preclude a Producing Party or other party with standing from objecting to the use of Discovery Materials or information at any trial or hearing.

8. **INADVERTENT PRODUCTION MATERIAL**

Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection. If privileged Discovery Material is inadvertently produced, the inadvertent production shall not constitute a waiver of the privilege or immunity.

A. A claim of inadvertent production shall constitute a representation by counsel that the material has been reviewed and that there is a good faith basis for such claim.

B. If a claim of inadvertent production is made, the Party possessing the material shall: (i) refrain from any further examination or disclosure of the material; (ii) promptly make a good faith effort to return the material and all copies thereof, or destroy the material, and certify in writing to that fact; and (iii) not use the material for any purpose until further order of the Court.

C. Any such claim may be challenged by filing an appropriate motion with the court. Pending decision, the disputed material shall not be examined or disclosed.

9. **JOINDER OF ADDITIONAL PARTIES**

If additional Parties join or are joined in this action, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly joined Party, by its counsel, has executed and filed with the Court its agreement to be bound by this Protective Order.

4915-6422-8392.1

10. **HIPAA**

To the extent any of the terms herein conflict with the HIPAA Qualified Protective Order entered by this Court, the terms of the HIPAA Qualified Protective Order supersede and control the disclosure, maintenance, use, and disposal of protected health information.

11. **TERMINATION OR OTHER RESOLUTION OF THIS ACTION**

The termination of this action shall not relieve the Parties or their counsel from their responsibility to maintain the confidentiality of Confidential and Highly Confidential Discovery Material. Within sixty (60) days after dismissal or entry of final judgment, the Parties shall return or destroy all material marked Confidential or Highly Confidential, except that counsel of record may maintain the same in their litigation files subject to the requirements of this Protective Order.

If any person in possession of protected material receives a subpoena or other compulsory process seeking the disclosure of material, he or she shall promptly forward same (by hand, email, or facsimile transmission) to counsel for the Producing Party and object to the production of the material on the grounds of this Protective Order, if the Producing Party so requests. The burden of further opposing the enforcement of the subpoena or demand will fall on the Producing Party.

12. **ACKNOWLEDGMENT OF BROWN UNIVERSITY'S FERPA OBLIGATIONS**

Nothing herein shall be construed as limiting or impairing Brown University's obligations regarding "education records," as defined by and subject to the Family Educational Rights and Privacy Act ("FERPA", 20 U.S.C. § 1232g) and the United States Department of Education's FERPA regulations (34 CFR Part 99), particularly as to Brown University's FERPA confidentiality and notice obligations regarding the "education records" of current or former students who are not parties to this action.

Nothing in this Protective Order is intended to nor shall be construed as a waiver of the Parties' rights and/or Brown's obligations to them under FERPA, particularly as to Brown

4915-6422-8392.1

University's FERPA confidentiality and notice obligations regarding the "education records" of current or former students.

IT IS SO ORDERED.

Dated: 04/28/2025

_____
LINCOLN D. ALMOND,
USMJ

AGREED:

/s/ Kathryne Hemmings
Grant & Eisenhofer P.A.
Kathryne Hemmings (*Pro Hac Vice*)
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
khemmings@gelaw.com

Louise A. Herman (#6430)
Herman Law Group
1445 Wampanoag Trail, Suite 104
East Providence, RI 02915
Telephone: (401) 277-4110
lherman@lhermanlaw.com

*ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT JANE DOE*

/s/ Steven M. Richard
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1030
srichard@nixonpeabody.com

*ATTORNEY FOR DEFENDANT BROWN BROWN UNIVERSITY*

/s/ J. Richard Ratcliffe
J. Richard Ratcliffe (#2603)
Ratcliffe Harten Galamaga LLP
40 Westminster Street, Suite 700
Providence, RI 02903
Telephone: (401) 331-3400
rratcliffe@rhgllp.com

*ATTORNEY FOR DEFENDANT, COUNTERCLAIM PLAINTIFF AND CROSS-CLAIMANT JOHN STILES*

4915-6422-8392.1