**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JANE DOE<br>*Plaintiff*<br><br>v.<br><br><br>BROWN UNIVERSITY and<br>JOHN STILES<br>*Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No.: 1:23-cv-00376 |

**DAY ONE'S**
**MOTION TO QUASH SUBPOENA DUCES TECUM**

Non-party Day One respectfully requests that this Court quash a subpoena under Rule 45 of the Federal Rules of Civil Procedure.

## INTRODUCTION

On February 21, 2025, Day One was served with a subpoena *duces tecum* (the "Subpoena") addressed to the Keeper of Records seeking the production of records for patient Person Doe (the "Individual"). A copy of the Subpoena is attached as Exhibit A.[1] Day One cannot comply with the Subpoena because it is burdensome and unreasonable as follows:

1. Under the Rhode Island Confidentiality of Health Care Communications and Information Act (the "Health Care Information Act"), absent the subpoenaing party's compliance with the Health Care Information Act's notice and written certification procedure and an order of this Court, Day One cannot disclose patient records and information;

2. Under Rhode Island's Mental Health Law (the "Mental Health Law"), absent an order of this Court, or the written consent of a patient or his or her guardian, Day One cannot disclose – or acknowledge the existence of – patient records and information;

3. Federal law and regulations prohibit disclosure of patient records absent a court order; and

[1] Day One has redacted the Individual's name, case details, Day One Providence Police Department case number, and ORI number listed in the Subpoena.

4. The Health Care Information Act further requires that the subpoenaing party establish to the Court that the need for the subpoenaed records and information "clearly outweighs" the patient's privacy, failing which the Court "shall" grant the motion to quash.

Day One may be subject to civil and criminal penalties if it discloses health care information in violation of the Mental Health Law, the Health Care Information Act, and federal law, and the Subpoena should be quashed. However, if the Court ultimately denies this Motion, then Day One requests that any responsive information first be produced to the Court for an *in camera* review.

## ARGUMENT

### I. Day One Cannot Release Any Records Because It Did Not Receive Written Consent or Notice of Certification Under R.I. Gen Laws § 5-37.3-6.1.

Day One, as a health care provider and custodian of confidential health care information, is subject to the Health Care Information Act, R.I. Gen. Laws § 5-37.3-1, *et seq.*, which expressly prohibits Day One from disclosing information relating to a patient's health care history, diagnosis, condition, treatment, or evaluation, except in certain circumstances. Those circumstances include:

1. After receipt of written consent to disclose patient information from the patient or the patient's authorized representative (under R.I. Gen. Laws § 5-37.3-4(a));

2. In a judicial proceeding, in response to a subpoena, upon receipt of written certification that the subpoena has been served upon the individual whose records are sought and twenty days have passed after service of the subpoena and the individual did not initiate a challenge within that time period (R.I. Gen. Laws § 5-37.3-6.1(a)(1)-(2)); or

3. In a judicial proceeding, in response to a subpoena, after disclosure is ordered by a court after a challenge (R.I. Gen. Laws § 5-37.3-6.1(a)(3)).

Day One has not received notice that the Individual provided written consent, or that notice has been provided pursuant to R.I. Gen. Laws § 5-37.3-6.1, so it cannot release information under the Health Care Information Act absent an order by the Court.

Importantly, the Health Care Information Act contains a mandatory requirement that the subpoenaing party provide Day One with a certification that (i) on or before the date the Notice was served on Day One, a copy of the Notice and notice of the opportunity to challenge it was served on the Individual, and either 20 days have passed and the Individual has not initiate a challenge, or (ii) the Individual challenges the Subpoena and disclosure is nevertheless ordered. *See* R.I. Gen. Laws § 5-37.3-6.1(a).[2]

## II. **Day One Cannot Comply with the Subpoena Because the Mental Health Law Prohibits Disclosure.**

Even if the written certification and notice requirements of R.I. Gen. Laws § 5-37.3-6.1 have been followed, Day One still cannot not release information absent an order by the Court because since Day One, as a facility as defined by R.I. Gen. Laws § 40.1-5-2, is governed by Rhode Island's Mental Health Law, R.I. Gen. Laws § 40.1-5-1, *et seq.*, under which information and records concerning services Day One provides to individuals is confidential. *See* R.I. Gen. Laws § 40.1-5-26(a).[3] This confidentiality extends to "[t]he fact of admission or certification and all

---

[2] Rhode Island law recognizes that, even when the Health Care Information Act's requirements are fulfilled, disclosure by a mental health facility like Day One is not mandatory because its records are also subject to the Mental Health Law. The Health Care Information Act itself provides that "[n]othing contained in [§5-37.3-6.1 of the Act] shall be construed to bar a health care provider or custodian of health care information from filing a motion to quash a subpoena for this information in accordance with the rules of civil procedure." R.I. Gen. Laws § 5-37.3-6.1(g). These safeguards protect the confidentiality of Day One's patients, and also protect Day One from liability, as Day One's failure to strictly follow the Health Care Information Act's and the Mental Health Law's mandates and procedures could subject it to both civil and criminal liability, including claims for actual and punitive damages, attorney fees, a $5,000 fine, and six months imprisonment. *See* R.I. Gen. Laws §§ 5-37.3-4(a)(2)-(4); *Washburn v. Rite Aid Corp*, 695 A.2d 495, 499 (R.I. 1997) (imposing liability on a pharmacy for unauthorized disclosure of confidential healthcare information). Violators of the Health Care Information Act may be subject to claims for actual damages, punitive damages, attorneys' fees, a $5,000 fine, and up to six months in prison. *See* R.I. Gen. Laws §§ 5-37.3-4(a)(2)-(4). Day One could also be subject to liability under HIPAA, including civil fines of up to $50,000 per violation, and criminal penalties of up to $250,000 and 10 years in prison. *See* 42 U.S.C. §§ 1320d-5 and 1320d-6. The severity of these penalties underscores the significance that Congress and the Rhode Island legislature place on the confidentiality of medical records.

[3] Rhode Island law recognizes that, even when the Health Care Information Act's requirements are fulfilled, disclosure by a mental health facility like Day One is not mandatory because its records are also subject to the Mental Health Law. The Health Care Information Act itself provides that "[n]othing contained in [§5-37.3-6.1 of the Act] shall be construed to bar a health care provider or custodian of health care information from filing a motion to quash a subpoena for this information in accordance with the rules of civil procedure." R.I. Gen. Laws § 5-37.3-6.1(g). These safeguards

information and records compiled, obtained, or maintained in the course of providing [mental health] services…." *Id.* Day One may disclose information and records ***only*** with the written consent of the patient or his or her guardian, or under specific exceptions enumerated in the Mental Health Law, including a court order. *See* R.I. Gen. Laws §§ 40.1-5-26(b)(1) (permitting disclosure upon patient's written consent), 40.1-5-26(b)(7) (permitting disclosure pursuant to court order), 40.1-5-26(b)(2)-(6), (b)(8)-(12) (listing other exceptions not applicable here).

To the extent that documents responsive to the Subpoena exist, Day One does not have the written consent of the Individual to release the records, and Day One is not aware of a court order in this matter ordering their disclosure. Nor does it appear that the Subpoena falls within any of the exceptions enumerated in the Mental Health Law. Therefore, Day One cannot comply with the Subpoena unless the Court orders otherwise, or the Individual consents to the release of the records, to the extent such records exist. *See id.*

## III. Day One Cannot Comply with the Subpoena Because Federal Law Prohibits Disclosure.

As a recipient of federal funds, Day One is subject to federal laws and regulations that provide for the confidentiality of patient records. 42 U.S.C. § 290dd-2.[4] These federal provisions prohibit disclosure of the fact that a patient has been admitted to a medical facility for certain forms

---

protect the confidentiality of Day One's patients, and also protect Day One from liability, as Day One's failure to strictly follow the Health Care Information Act's and the Mental Health Law's mandates and procedures could subject it to both civil and criminal liability, including claims for actual and punitive damages, attorney fees, a $5,000 fine, and six months imprisonment. *See* R.I. Gen. Laws §§ 5-37.3-4(a)(2)-(4); *Washburn v. Rite Aid Corp*, 695 A.2d 495, 499 (R.I. 1997) (imposing liability on a pharmacy for unauthorized disclosure of confidential healthcare information). Violators of the Health Care Information Act may be subject to claims for actual damages, punitive damages, attorneys' fees, a $5,000 fine, and up to six months in prison. *See* R.I. Gen. Laws §§ 5-37.3-4(a)(2)-(4). Day One could also be subject to liability under HIPAA, including civil fines of up to $50,000 per violation, and criminal penalties of up to $250,000 and 10 years in prison. *See* 42 U.S.C. §§ 1320d-5 and 1320d-6. The severity of these penalties underscores the significance that Congress and the Rhode Island legislature place on the confidentiality of medical records.

[4] These federal laws and regulations do not preempt State laws in this field. *See* 42 C.F.R. § 2.20.

of treatment. *See id*. Day One must strictly comply with these provisions or be subject to criminal penalties. *See* 42 U.S.C. § 290dd-3(f).

If the information sought by the Subpoena exists, it is confidential under federal law. *See* 42 U.S.C. § 290dd-3(a). Disclosure of such confidential information will be made only pursuant to both a valid application and a valid order of this Court issued in accordance with the applicable federal regulations. The individual and the person holding the records must receive adequate notice of the request and have an opportunity to file a written response to the request. 42 C.F.R. § 2.64. Under federal regulations, for such an order to be effective, the Court must make an explicit finding on the record that:

> (1) Other ways of obtaining the information are not available or would not be effective; and
>
> (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

42 C.F.R. § 2.64.

To the extent that the Subpoena seeks communications made by a patient, the Court may authorize disclosure only if:

> (1) The disclosure is necessary to protect against an existing threat to life or of serious bodily injury, including circumstances which constitute suspected child abuse and neglect and verbal threats against third parties;
>
> (2) The disclosure is necessary in connection with investigation or prosecution of an extremely serious crime, such as one which directly threatens loss of life or serious bodily injury, including homicide, rape, kidnapping, armed robbery, assault with a deadly weapon, or child abuse and neglect; or
>
> (3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.

42 C.F.R. § 2.63. Given the absence of written patient authorization and the absence of a valid court order, then even if information sought by the Subpoena exists, Day One is not permitted

under federal law to disclose any information sought by the Subpoena unless and until an appropriate finding is made on the record by this Court. *See* 42 C.F.R. § 2.61.

## IV. **Under the Health Care Information Act, Unless the Court Finds That the Need for the Subpoenaed Records "Clearly Outweighs" the Patient's Privacy Rights, the Subpoena Must Be Quashed.**

A court cannot order disclosure of confidential health care information unless it finds that the information is relevant, and that the need for the information clearly outweighs the patient's privacy interest. As set out in the Health Care Information Act,

> [t]he court ***shall grant [this] motion to quash*** unless the requesting party can demonstrate that there is reasonable ground to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual.

R.I. Gen. Laws § 5-37.3-6.1(d) (emphasis added). Thus, even if the Court finds that the information sought by the Subpoena is relevant, it still must find that the need for the information "clearly outweighs the privacy interest of the individual." *Id.* "[T]he requested information, even though it may be subpoenaed pursuant to valid legal process, is presumptively private, confidential, and privileged." *DePina v. State*, 79 A.3d 1284, 1289-90 (R.I. 2013). In making that determination, the Health Care Information Act sets out six factors that the Court must consider:

> In determining whether the need for information clearly outweighs the privacy of the individual, the court shall consider:
>
> (1) The particular purpose for which the information was collected;
>
> (2) The individual's reasonable expectation of privacy in the information;
>
> (3) The degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual;
>
> (4) The effect of the disclosure on the individual's future health care;
>
> (5) The importance of the information to the lawsuit or proceeding; and
>
> (6) Whether the information is available from another source, including Rule 35 of the Superior Court Rules of Civil Procedure.

R.I. Gen. Laws § 5-37.3-6.1(e); *see also DePina*, 79 A.3d at 1289 ("It is only after the court conducts this requisite analysis, and balances the requesting party's need for disclosure with the individual's right to privacy, that the individual's confidential health care information may be disclosed in a judicial proceeding.").

As a result of these requirements, disclosure of the information sought by the Subpoena can be ordered only if the Court finds that the information is relevant, and that the need for the information "clearly outweighs the privacy interest of the individual." If not, the Subpoena must be quashed. *See* R.I. Gen. Laws § 5-37.3-6.1(d).

## V. Day One Requests That Any Records Ordered To Be Produced Be Reviewed First *In Camera* or That a Protective Order Is Entered.

If the Court finds that the information sought by the Subpoena is relevant and that the factors in R.I. Gen. Laws § 5-37.3-6.1(e) justify disclosure, then Day One respectfully requests that the Court order any responsive information (to the extent it exists) first be produced to the Court for an *in camera* review or that a protective order is entered. Such an order will ensure protection of patient privacy rights and Day One's strong interest in protecting the confidentiality of patients' confidential mental health information. If, after its *in camera* review, the Court further determines that any of the records should be disclosed in connection with this case, Day One requests that the Court take steps to ensure that such disclosure is appropriately limited, ordering that the information remain confidential as required by federal and state law, including but not limited to R.I. Gen. Laws § 5-37.3-4(c).

## CONCLUSION

WHEREFORE, Day One respectfully requests that the Court grant its motion to quash the Subpoena. In the alternative, if the Court denies this motion, Day One respectfully requests that

any records be produced to the Court for an *in camera* review or that a protective order is entered and any records released by the Court remain confidential as required by federal and state law, including but not limited to R.I. Gen. Laws § 5-37.3-4(c), as well as any further relief the Court deems just.

DAY ONE

By its Attorney,


*/s/ Tyler R. Martin*
Tyler R. Martin (#10445)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
tmartin@hinckleyallen.com


Date: November 18, 2025

## CERTIFICATE OF SERVICE

I certify that on November 18, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Tyler R. Martin*