UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY and JOHN STILES,<br><br>Defendants. | C.A. No. 1:23-cv-00376-MSM-AEM |

**ORDER**

Mary S. McElroy, United States District Judge.

Before the Court are the defendant, Brown University's ("Brown"), Motion to Dismiss the Crossclaim of the defendant John Stiles (ECF No. 86); Mr. Stiles' Motion to Dismiss the plaintiff, Jane Doe's, Amended Complaint (ECF No. 93); and Mr. Stiles' Motion to Amend his Crossclaim and Counterclaim (ECF No. 98).

Ms. Doe's Amended Complaint (ECF No. 27) pled this Court's original jurisdiction solely as federal-question jurisdiction, 28 U.S.C. § 1331, premised on her Title IX claims against Brown, and pleaded supplemental jurisdiction under 28 U.S.C. § 1367(a) for her state-law claims. On November 20, 2025, Ms. Doe dismissed her claims against Brown with prejudice (ECF No. 85), and the Court entered that stipulation on November 24, 2025. Mr. Stiles' crossclaim against Brown was not part of that stipulation, and Brown remains in the case as a crossclaim defendant.

Brown and Mr. Stiles, pointing to *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), now contend that Ms. Doe's dismissal of Brown extinguished this Court's original jurisdiction. (ECF Nos. 86, 92, 93.) Ms. Doe disagrees, arguing that *Royal Canin* is distinguishable because the plaintiff there deleted her federal claims shortly after removal, while this action has been litigated in this Court for more than two years, through a motion to dismiss, an interlocutory appeal, roughly 15,000 pages of document production, and eight depositions. (ECF No. 96 at 1-2.)

But subject matter jurisdiction does not turn on the resources that the parties have expended. The Supreme Court, in *Royal Canin*, held that "[o]nce the plaintiff has ditched all claims involving federal questions, the leftover state law claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them." 604 U.S. at 34. Nor does it matter that Ms. Doe "ditched" her federal claims by stipulated dismissal rather than, like in *Royal Canin*, by an amended pleading. *See Walker v. State of Arizona*, 158 F.4th 971, 983 (9th Cir. 2025) (holding that a stipulated dismissal "functions the same as" a Rule 15 amendment for purposes of *Royal Canin*, because what matters is that the federal claims were permanently eliminated, not the procedural device used). The Court therefore concludes that its original jurisdiction was extinguished at the time of the voluntary dismissal of Ms. Doe's federal claims entered on November 24, 2025.

But Ms. Doe offers a proposal if the Court concludes that its original jurisdiction was extinguished, which it does. She asks for leave under Rule 15 to amend to plead diversity jurisdiction under 28 U.S.C. § 1332, on the ground that she

and Mr. Stiles were citizens of different states when this action was commenced and that, with Brown dismissed, they are the only parties to her claims. (ECF No. 96 at 3-4.) Although this proposal is mentioned in her opposition brief and not specifically in a motion to amend, both defendants have had an opportunity to argue this point and Brown has done so at length. (ECF No. 99 at 3-4.) The Court therefore accepts this proposal as a motion for leave to amend under Rule 15(a)(2).

And an amendment is a proper avenue available to her. *Royal Canin* not only permits Ms. Doe to defeat jurisdiction by withdrawing her federal claims but also permits her to establish it by pleading a different ground. 604 U.S. at 35 (holding that a plaintiff "gets to determine which substantive claims to bring against which defendants," and "in doing so, she can establish—or not—the basis for a federal court's subject-matter jurisdiction").

The dismissal of a dispensable non-diverse party cures a defect in diversity, provided the dismissal is final rather than interlocutory and that the party is "gone for good." *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 431 (2026) (quoting *Royal Canin*, 604 U.S. at 33); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). Here, Ms. Doe voluntarily dismissed the non-diverse party, Brown, with prejudice. Nothing can restore Brown as a defendant to Ms. Doe's claims. So Brown is "gone for good."

Brown argues that an amendment of this kind cannot work because subsequent events during litigation cannot create diversity jurisdiction. (ECF No. 86 at 2 (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 575-76 (2004)).) But the defect in *Grupo Dataflux* arose from "a change in the citizenship of a

continuing party," not from any change in the parties themselves. 541 U.S. at 575. Here there has been a change of party. Brown has been dismissed, and no party's citizenship has moved.

Additionally, a second amended complaint as Ms. Doe proposes, against only Mr. Stiles and properly pleading diversity jurisdiction, would not be futile. Ms. Doe alleged in her original Complaint that she was a citizen of Rhode Island and that Mr. Stiles, then studying at the University of North Carolina, resided in New Hampshire. (ECF No. 1 ¶¶ 18-20.) Diversity is measured by the facts as they existed when the action was filed. *Bearbones, Inc. v. Peerless Indem. Ins. Co.*, 936 F.3d 12, 14 (1st Cir. 2019). The Court notes, however, that citizenship under § 1332 means domicile, not residence. *Aponte-Dávila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016). The operative allegation states where Mr. Stiles resided, not where he was domiciled (ECF No. 1 ¶ 20), and the amended pleading shall allege domicile. Subject to that requirement, leave to amend is granted, and Mr. Stiles' Motion to Dismiss is denied without prejudice.

Brown's continued presence in this case is a separate issue. Upon the filing of a Second Amended Complaint naming Mr. Stiles alone, Brown will no longer be a party to Ms. Doe's claims, and Mr. Stiles' claims against Brown could not then proceed as a crossclaim, Fed. R. Civ. P. 13(g), and nor as a third-party claim. Rule 14(a)(1) permits a defendant to serve a third-party complaint only against one "who is or may be liable to it for all or part of the claim against it," such as on a derivative theory of indemnity or contribution. Brown's alleged liability to Mr. Stiles (contract claims

regarding his disciplinary process) cannot be derivative of Ms. Doe's intentional tort claims against Mr. Stiles. Nor may Mr. Stiles supply this Court's original jurisdiction by amending his own responsive pleading. Jurisdiction is determined by the allegations of the plaintiff's well-pleaded complaint, "not on any issue the defendant may raise." *Royal Canin*, 604 U.S. at 26 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 9-10 (1983)).

The remedy Brown seeks, dismissal of Mr. Stiles' crossclaim without prejudice, is therefore appropriate. Because the Court lacks jurisdiction over the crossclaim, it does not reach Mr. Stiles' Motion for Leave to Amend it and denies that Motion as moot.

But there is a matter of pleading logistics that remains. Mr. Stiles' counterclaim against Ms. Doe and his crossclaim against Brown were filed as a single document. (ECF No. 29.) Those pleadings now must be separated: the crossclaim is dismissed, while the counterclaim may be reasserted in Mr. Stiles' response to Ms. Doe's Second Amended Complaint.

Accordingly, it is ORDERED that:

1. Ms. Doe is granted leave to file a Second Amended Complaint against Mr. Stiles only, within 30 days from the date of this Order. The Second Amended Complaint shall allege the basis for this Court's jurisdiction under 28 U.S.C. § 1332. If no such pleading is filed within that time, the Court may dismiss the matter for lack of subject matter jurisdiction.

2. Mr. Stiles' Motion to Dismiss (ECF No. 93) is DENIED WITHOUT PREJUDICE.

3. Brown's Motion to Dismiss (ECF No. 86) is GRANTED, and Mr. Stiles' Crossclaim against Brown is dismissed without prejudice. This dismissal is for lack of subject matter jurisdiction, it is not an adjudication on the merits of

any claim, is not a voluntary discontinuance by Mr. Stiles, and is not a dismissal for failure to prosecute.

4. Mr. Stiles' Motion to Amend (ECF No. 98) is DENIED AS MOOT as to the crossclaim against Brown because that crossclaim is dismissed, and as to the counterclaim against Ms. Doe because the pleading it would amend will be superseded by the proposed Second Amended Complaint. Nothing in this Order addresses the merits, timeliness, or the sufficiency of any claim Mr. Stiles may assert in another action or in response to the proposed Second Amended Complaint.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

September 2, 2026